IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

THERESA DEBO,

              Plaintiff,

     v.                               Civil Action No.
                                      9:05-CV-0573 (LEK/DEP)

DR. THOMPSON, NURSE JULIE
"DOE," and OSWEGO COUNTY,

              Defendants.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

THERESA DEBO, *pro se*

FOR DEFENDANTS:

PETRONE & PETRONE, P.C.          DAVID H. WALSH, IV, ESQ.
Attorneys at Law
247 West Fayette Street
Syracuse, NY 13202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     Plaintiff Theresa Debo, who is now a New York State prison inmate

and is proceeding *pro se* and *in forma pauperis*, has commenced this

action pursuant to 42 U.S.C. § 1983 alleging that the defendants were

deliberately indifferent to her serious medical needs, in violation of the Eighth Amendment to the United States Constitution, during the period when she was confined at the Oswego County Correctional Facility (the "OCCF"). Plaintiff contends that while at the OCCF, the defendants refused her medical treatment for her back, failed properly to administer prescribed medications, and caused her exposure to unsanitary conditions by their failure to wear surgical gloves.

Currently pending before the court is a motion by the defendants seeking dismissal of plaintiff's complaint in its entirety, based upon her failure comply with their requests for pretrial discovery. Having reviewed the record, I am satisfied that plaintiff has been afforded ample opportunity to respond to defendants' legitimate discovery requests. In deference to her *pro se* status, however, I recommend against dismissal at this juncture, and instead suggest the issuance of an order compelling her compliance with defendants' outstanding discovery demands.

I.   BACKGROUND[1]

At the times relevant to her claims, plaintiff was confined as an

---

[1] In light of the procedural posture of this case, the following recitation is drawn from plaintiff's complaint, the contents of which have been accepted as true for purposes of the instant motion. *See Erickson v. Pardus*, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

inmate within the OCCF.[2] During her stay there, plaintiff claims to have sought treatment from medical personnel at the facility, including a Dr. Thompson and a nurse identified only as "Julie". Although plaintiff's complaint is lacking in detail and somewhat vague concerning the scope and extent of her medical care at the facility, it appears at least in part to have concerned a back condition.

Plaintiff's complaint sets forth an amalgamation of claims regarding her care and treatment at the OCCF. In it, Ms. Debo alleges that 1) "Dr. Thompson does not know the proper way to give a pelvic exam[;]" 2) defendants failed to follow the directives of her regular physician and provide medications prescribed by her doctors; 3) defendants failed to afford inmates after-hour access to a nurse; and 4) medical personnel did not properly wash their hands and/or use gloves when rendering treatment, including taking blood and giving shots. Plaintiff's complaint seeks both injunctive relief and recovery of compensatory damages.[3]

---

[2] According to publicly available information listed on the New York State Department of Correctional Services website, plaintiff was subsequently transferred into the Bedford Hills Correctional Facility, a state-operated prison facility, on January 18, 2006. *See* http://nysdocslookup.docs.state.ny.us

[3] Plaintiff's request for injunctive relief has been rendered academic in light of her transfer out of the OCCF. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *Young v. Coughlin,* 866 F.2d 567, 568 n. 1 (2d Cir.), *cert. denied,* 492 U.S. 909, 109 S. Ct. 3224 (1989); *Beyah v.*

II.     PROCEDURAL HISTORY

Plaintiff commenced this action on May 12, 2005. Dkt. No. 1. Named as defendants in plaintiff's complaint are Dr. Thompson, a physician presumably affiliated in some way with the OCCF; an individual who is identified only as "Julie", and apparently is a nurse at the facility; and Oswego County.[4]  *Id.*  Issue was subsequently joined by the filing of answers on behalf of the defendants generally denying the material allegations of plaintiff's complaint and setting forth various affirmative defenses.[5]  Dkt. Nos. 9, 18. On October 11, 2005 the court issued a standard pretrial scheduling order in which, *inter alia,* it instructed the parties to comply with Rules 26 through 37 of the Federal Rules of Civil Procedure, governing pretrial discovery, and established April 30, 2006 as

---

*Coughlin*, 789 F.2d 986, 988 (2d Cir.1986); *Candelaria v. Greifinger*, No. 96-CV-0017, 1998 WL 312375, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J. and Scanlon, M.J.).

[4]     While plaintiff's complaint names Oswego County as one of the three defendants being sued, that defendant's answer, Dkt. No. 9, and subsequently filed amended answer, Dkt. No. 18, as well as the court's records, identify the third defendant as the OCCF. The court will deem the answer filed by the OCCF as having been interposed on behalf of the County, and will request that the clerk adjust his records to reflect that Oswego County, though not the OCCF, is a defendant in the action.

[5]     Efforts by the plaintiff to supplement or amend her complaint were rejected by the court as procedurally defective. *See* Dkt. Nos. 5, 6. Defendants' answer was subsequently amended, with approval of the court, on May 19, 2006. Dkt. No. 18.

4

a deadline date for completion of pretrial discovery.[6]  Dkt. No. 11.

Defendants served a first set of interrogatories and a document discovery request upon the plaintiff on February 24, 2006, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, respectively. Walsh Aff. (Dkt. No. 24) Exh. A.  On March 23, 2006, not having received a response to his clients' discovery demands, defendants' counsel sent plaintiff a letter requesting responses and advising that in the absence of answers to the discovery requests a motion would be filed seeking dismissal of the action.  *Id.* Exh. B.  A second letter was later sent by defendants' counsel to the plaintiff on August 25, 2006, again requesting responses to the outstanding discovery requests, although this time advising that unless completed responses to those demands were received, he would apply to the court for an order compelling discovery. *Id.* Exh. C.

III.   DISCUSSION

The applicable provisions of the Federal Rules of Civil Procedure lay out two alternative courses of action available to the court in the event of a

---

[6]  The dates set forth in that scheduling order were later extended, on application of the defendants, by order dated August 22, 2006.  Dkt. No. 23.

party's failure to respond to another litigant's legitimate discovery requests. Rule 37(a) permits a party owed responses to interrogatories and document demands to apply for an order compelling discovery. Fed. R. Civ. P. 37(a)(2)(B); *Gluckman v. Am. Airlines, Inc.*, No. 92 Civ. 3740, 1994 WL 705324, at *6 (S.D.N.Y. Dec. 16, 1994). If such an order is issued, but its express terms are disregarded, the court may then direct the imposition of appropriate sanctions ranging in severity up to the striking of the delinquent party's pleadings. Fed. R. Civ. P. 37(b)(2)(A)-(E); *see Brown v. Wright*, No. 05-CV-82, 2007 WL 1237677, at *1 (N.D.N.Y. Apr. 27, 2007) (Scullin, S.J.).

As an alternative to this two step process, Rule 37(d) of the Federal Rules of Civil Procedure authorizes a court, upon motion, to bypass the first stage and order sanctions available under 37(b), again offering as a potential sanction the striking of pleadings in the event of a party's refusal to answer legitimate discovery requests including, *inter alia,* document requests and interrogatories. Fed. R. Civ. P. 37(d); *see Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002). The determination of which of these two avenues is most appropriate, given the particular circumstances of the case, rests with the sound discretion of the court.

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S. Ct. 2778, 2780-81 (1976) (per curiam); *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865-66 (2d Cir. 1990).

The plaintiff's conduct in this case is strongly suggestive of either her disinterest in the case, or an unwillingness or inability on her part to comply with the discovery requirements applicable to her claims. The relief now sought, however – dismissal without the intervening step of the issuance of an order compelling discovery – is a harsh remedy. The Second Circuit has cautioned that a court should invoke such recourse and dismiss a claim on a procedural basis only where 1) a party has by his or her actions manifested willfulness, bad faith or fault; 2) less severe remedies are unlikely to succeed; and 3) the party has been warned that failure to comply with court orders could result in dismissal.[7]  *See Bobal v.*

---

[7]  In a slightly different though analogous context, the Second Circuit recently provided guidance regarding the reluctance with which a district court should order dismissal of a complaint based upon procedural defaults.  *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248 (2d Cir. 2004).  In *Drake,* the Second Circuit instructed that before dismissing a complaint for failure to prosecute a court should examine five factors, including whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser

*Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943, 111 S. Ct. 1404 (1991); *Lediju v. New York City Dep't of Sanitation,* 173 F.R.D. 105, 112 (S.D.N.Y. 1997) (citing, *inter alia*, *Bobal*); *see also Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207-08, 78 S. Ct. 1087, 1093-94 (1958).

The Second Circuit has also pointedly expressed its views regarding the special deference which should be afforded to *pro se* litigants who often are unsophisticated, and in most instances unfamiliar with the rules which govern federal court litigation. *See*, *e.g.*, *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Notwithstanding this cautionary note, however, that court has endorsed invocation of the Rule 37(b)(2)(C) dismissal sanction against *pro se* litigants under appropriate circumstances, noting that

> while pro se litigants may in general deserve more
> lenient treatment than those represented by
> counsel, all litigants, including *pro ses*, have an
> obligation to comply with court orders. When they
> flout that obligation they, like all litigants, must
> sanctions.

*Id.* at 254.

suffer the consequences of their actions.

*McDonald v. Head Criminal Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d. Cir. 1988).

While the plaintiff's inaction in this instance could lead one to conclude that she no longer desires to pursue her claims against the defendants, that is not the only plausible explanation for her inaction. Out of fairness, and in deference to her *pro se* status, I therefore recommend against the sanction of dismissal, and instead suggest a more progressive approach initially, entailing the issuance of an order directing her full compliance with outstanding discovery requests within a reasonable period, with a warning that absent full compliance with the directive, her complaint will be dismissed.[8]

IV.   SUMMARY AND RECOMMENDATION

Undeniably, the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access to other prospective litigants to overcrowded courts."

---

[8] Such a staged approach is particularly appropriate under the circumstances now presented since, as was previously noted, while dismissal was specifically referenced in the first letter sent by defendants' counsel to the plaintiff seeking her response to the outstanding discovery requests, Attorney Walsh's second letter merely promised, in the absence of response, "an application to the Court to compel production of [the overdue responses.]" *See* Walsh Aff. (Dkt. No. 24) Exhs. B and C.

*Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982).  The dismissal of a plaintiff's claims on a technical basis which gives no regard to its merits, including for failure to comply with procedural requirements associated with prosecution of those claims, however, is a measure not looked upon with favor, but instead viewed as a remedy of last resort. *Bobal*, 916 F.2d at 763-64.  In this instance the plaintiff, who is proceeding *pro se* and thus, at least presumably, is unfamiliar with the requirements of the applicable discovery rules, should be afforded one last opportunity to comply with those rules, with the understanding that in the future she, like any other litigant, is expected to abide fully and faithfully with all rules governing the prosecution of her claims in this court.

It is therefore hereby

RECOMMENDED, that defendants' motion to dismiss plaintiff's complaint (Dkt. No. 24) be DENIED, and that instead the court issue an order compelling plaintiff's compliance with all outstanding discovery requests within a reasonable period of time and warning that in the absence of compliance with the court's order her complaint in this action will be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days

within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e); *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation in accordance with court's local rules.


Dated:   July 10, 2007
         Syracuse, NY


_____
David E. Peebles
U.S. Magistrate Judge