IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

THERESA DEBO,

                                    Plaintiff,

                                                    Civil Action No.
        v.                                          9:05-CV-0573 (LEK/DEP)

DR. THOMPSON, NURSE JULIE
 "DOE," and OSWEGO COUNTY,

                                    Defendants.

_____

<u>APPEARANCES</u>:                              <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>:

THERESA DEBO, *pro se*

<u>FOR DEFENDANTS</u>:

PETRONE & PETRONE, P.C.              DAVID H. WALSH, IV, ESQ.
Attorneys at Law
1624 Genesee Street
Utica, NY 13502

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff Theresa Debo, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this action

pursuant to 42 U.S.C. § 1983 alleging that the defendants were

deliberately indifferent to her serious medical needs, in violation of the Eighth Amendment to the United States Constitution, during the period when she was confined at the Oswego County Correctional Facility (the "OCCF").  Plaintiff contends that while at the OCCF, the defendants refused her medical treatment for her back, failed to properly administer prescribed medications and a pelvic examination, and caused her exposure to unsanitary conditions by their failure to wear surgical gloves when examining her.

Currently pending before the court is an application by the defendants – the second such application filed in the action – seeking dismissal of plaintiff's complaint in its entirety, based upon her failure to comply with their legitimate discovery requests.  Having reviewed the record carefully, I am satisfied that plaintiff has been afforded every opportunity to comply with the court's directive that she respond to defendants' legitimate pretrial discovery requests, and that despite her *pro se* status dismissal of her complaint is now warranted.

I.    UNDERLINE_BACKGROUND[1]

---

[1]    In light of the procedural posture of this case, the following recitation is drawn from plaintiff's complaint, the contents of which have been accepted as true for purposes of the instant motion.  *See Erickson v. Pardus*, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

At the times relevant to her claims which appear to predate the filing of her complaint in May of 2005 but could plausibly have involved treatment extending beyond that date, plaintiff was confined as an inmate within the OCCF.[2]  During her stay there, plaintiff claims to have sought treatment from medical personnel at the facility, including a Dr. Thompson and a nurse identified only as "Julie".  Although plaintiff's complaint is lacking in detail and somewhat vague concerning the scope and extent of her medical care while at the facility, it appears at least in part to have concerned a back condition.

Plaintiff's complaint sets forth an amalgamation of claims regarding her care and treatment at the OCCF.  In it, Ms. Debo alleges that 1) "Dr. Thompson does not know the proper way to give a pelvic exam[;]" 2) defendants failed to follow the directives of her regular physician and provide medications prescribed by her doctors; 3) defendants failed to afford inmates after-hour access to a nurse; and 4) medical personnel did not properly wash their hands and/or use gloves when rendering treatment, including taking blood and giving shots.  Plaintiff's complaint

---

[2]        According to publicly available information listed on the New York State Department of Correctional Services website, plaintiff was subsequently transferred into the Bedford Hills Correctional Facility, a state-operated prison facility, on January 18, 2006.  *See* http://nysdocslookup.docs.state.ny.us

seeks both injunctive relief and recovery of compensatory damages.[3]

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action on May 12, 2005.  Dkt. No. 1.

Named as defendants in plaintiff's complaint are Dr. Thompson, a

physician presumably affiliated in some way with the OCCF; an individual

who is identified only as "Julie", and apparently is a nurse at the facility;

and Oswego County.  *Id.*  Issue was subsequently joined by the filing of

answers on behalf of the defendants generally denying the material

allegations of plaintiff's complaint and setting forth various affirmative

defenses.[4]  Dkt. Nos. 9, 18.  On October 11, 2005 the court issued a

standard pretrial scheduling order in which, *inter alia*, it instructed the

parties to comply with Rules 26 through 37 of the Federal Rules of Civil

Procedure, governing pretrial discovery, and established April 30, 2006 as

---

[3]       Plaintiff's request for injunctive relief has been rendered academic in light of her transfer out of the OCCF.  *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *Young v. Coughlin,* 866 F.2d 567, 568 n. 1 (2d Cir.), *cert. denied,* 492 U.S. 909, 109 S. Ct. 3224 (1989); *Beyah v. Coughlin*, 789 F.2d 986, 988 (2d Cir.1986); *Candelaria v. Greifinger*, No. 96-CV-0017, 1998 WL 312375, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J. and Scanlon, M.J.).

[4]       Efforts by the plaintiff to supplement or amend her complaint were rejected by the court as procedurally defective.  *See* Dkt. Nos. 5, 6.  Defendants' answer was subsequently amended, with approval of the court, on May 19, 2006.  Dkt. No. 18.

a deadline date for the completion of pretrial discovery.[5]  Dkt. No. 11.

Defendants served a first set of interrogatories and a document discovery request upon the plaintiff on February 24, 2006, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, respectively. Walsh Aff. (Dkt. No. 24) Exh. A.  On March 23, 2006, not having received a response to his clients' discovery demands, defendants' counsel sent plaintiff a letter requesting responses and advising that in the absence of answers to the discovery requests a motion would be filed seeking dismissal of the action.  *Id.* Exh. B.  A second letter was later sent by defendants' counsel to the plaintiff on August 25, 2006, again requesting responses to the outstanding discovery requests, although this time advising that unless completed responses to those demands were received, he would apply to the court for an order compelling discovery. *Id.* Exh. C.

On September 14, 2006 defendants filed a motion seeking dismissal of plaintiff's complaint, with prejudice, based upon her failure to provide requested discovery.  Dkt. No. 24.  That motion, which plaintiff did not

---

[5]      The dates set forth in that scheduling order were later extended, on application of the defendants, by order dated August 22, 2006.  Dkt. No. 23.

oppose, resulted in my issuance on July 10, 2007 of a report in which I recommended that the motion be denied as premature, and that instead plaintiff be directed to provide responses to all outstanding discovery requests within a reasonable time period and warned that absent compliance her complaint would be dismissed.  Dkt. No. 26.  That report was adopted in full by District Judge Lawrence E. Kahn on September 6, 2007.  Dkt. No. 27.  By text order issued on that date I directed plaintiff to comply with the terms of those orders by responding to all outstanding discovery requests within thirty (30) days, or on or before October 9, 2007. Dkt. Text Order Dated 9/6/07.  That time was subsequently extended until October 29, 2007 by order issued on September 28, 2007; that order advised that the extension was final.  Dkt. No. 29.

On October 30, 2007, defendants' counsel forwarded a letter to the court requesting dismissal of plaintiff's complaint in light of her failure to comply with the court's directive, reiterating that request on November 15, 2007.  *See* Dkt. Nos. 31, 35.  That motion is now before me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

6

III.   <u>DISCUSSION</u>

Defendants' application for dismissal implicates Rule 37(b) of the Federal Rules of Civil Procedure, addressing a party's failure to comply with a discovery-related court order.  In the event of such a failure the rule contemplates an array of available sanctions of varying degrees of severity, ranging from preclusion orders to the striking of the recalcitrant party's pleading in the action.  Fed. R. Civ. P. 37(b)(2); *see Cross v. Village of Cooperstown*, No. 04-CV-501, 2007 WL 3254269, at *3 (N.D.N.Y. Nov. 2, 2007) (Scullin, S.J.).

In this instance defendants seek what is perhaps the harshest of available remedies – dismissal of plaintiff's complaint.  The Second Circuit has cautioned that a court should exercise the power to order such recourse and dismiss a claim on a procedural basis only where 1) a party has by his or her actions manifested willfulness, bad faith or fault; 2) less severe remedies are unlikely to succeed; and 3) the party has been warned that failure to comply with court orders could result in dismissal.[6]

---

[6]     In a slightly different though analogous context, the Second Circuit recently provided guidance regarding the reluctance with which a district court should order dismissal of a complaint based upon procedural defaults.  *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248 (2d Cir. 2004).  In *Drake,* the Second Circuit instructed that before dismissing a complaint for failure to prosecute a court should examine five factors, including whether

*See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943, 111 S. Ct. 1404 (1991); *Lediju v. New York City Dep't of Sanitation,* 173 F.R.D. 105, 112 (S.D.N.Y. 1997) (citing, *inter alia*, *Bobal*); *see also Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207-08, 78 S. Ct. 1087, 1093-94 (1958).

The Second Circuit has also pointedly expressed its views regarding the special deference which should be afforded to *pro se* litigants who often are unsophisticated, and in most instances unfamiliar with the rules which govern federal court litigation.[7]  *See*, *e.g.*, *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  Notwithstanding this cautionary note, however, that court has endorsed invocation of the Rule 37(b)(2)(C) dismissal sanction against *pro se* litigants under appropriate

---

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 254.

[7]     A motion by the plaintiff for appointment of counsel to represent her in this action *pro bono* was denied on November 6, 2007, without prejudice to later renewal under appropriate circumstances.  Dkt. No. 33.

circumstances, noting that

> while pro se litigants may in general deserve more
> lenient treatment than those represented by
> counsel, all litigants, including pro ses, have an
> obligation to comply with court orders.  When they
> flout that obligation they, like all litigants, must
> suffer the consequences of their actions.

*McDonald v. Head Criminal Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d.

Cir. 1988).

As a *pro se* litigant, the plaintiff has been afforded significant

deference in this action.  In response to the first motion brought by the

defendants, while discerning a marked disinterest on the part of the

plaintiff in pursuing her action, out of an abundance of caution I

nonetheless evoked a progressive approach which first directed her

compliance with defendants' outstanding discovery requests, coupled with

a warning that in the event of her failure to comply with the court's order

her case would be dismissed.  Notwithstanding this measure, plaintiff has

been unwilling or unable to comply with the court's order and to supply the

necessary discovery responses.  Under these circumstances, the time has

come to invoke the ultimate sanction of dismissal.

## IV.   SUMMARY AND RECOMMENDATION

In light of plaintiff's recalcitrance and failure to comply with a court

directive that she supply long overdue responses to defendants' legitimate discovery requests, despite having been warned that her failure to do so would result in dismissal of her complaint, plaintiff has failed to comply with the court's directive.  Under these circumstances, I find that dismissal of plaintiff's complaint is warranted as the appropriate sanction. Accordingly, it is hereby

RECOMMENDED, that defendants' motion to dismiss plaintiff's complaint (Dkt. Nos. 31, 35) be GRANTED, and her complaint be DISMISSED in all respects.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e); *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation in accordance with court's local rules.


Dated:      November 15, 2007
            Syracuse, NY

David E. Peebles
U.S. Magistrate Judge